## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ELLIOT MONTANA (#293682)**

**VERSUS**

**DARREL VANNOY, ET AL.**

**CIVIL ACTION**

**NO. 18-1045-SDD-RLB**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 15, 2019.

                                            **RICHARD L. BOURGEOIS, JR.**
                                            **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELLIOT MONTANA (#293682)

VERSUS

DARREL VANNOY, ET AL.

CIVIL ACTION

NO. 18-1045-SDD-RLB

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on a Motion to Dismiss filed on behalf of defendants Warden Darrel Vannoy, Asst. Warden Tracy Falgout, and Capt. Michael Simpson (R. Doc. 13). The motion is not opposed.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants alleging that his constitutional rights have been violated due the use of excessive force, failure to protect the plaintiff from the use of excessive force, false disciplinary charges, and deliberate indifference to his serious medical needs.[1] He prays for injunctive, declaratory and monetary relief.

The moving defendants first seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's claim against them in their official capacities. In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials

---

[1] As to defendants Wesley Spillman and John Doe, a review of the record reveals that these defendants have not been served because service was not accepted by the Department of Corrections. *See* R. Doc. 10. Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service, and should attempt to remedy any defects of which he has knowledge. The plaintiff was informed of the lack of service, and has failed to take action to direct service on defendants Wesley Spillman and John Doe. *See* R. Doc. 42. It is appropriate, therefore, that the plaintiff's claims asserted against defendants Wesley Spillman and John Doe be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them.

acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25.

Accordingly, the plaintiff's claims asserted against the defendants in their official capacities, for monetary damages, are subject to dismissal. In contrast, the plaintiff's claims for monetary damages asserted against the defendants in their individual capacities remain viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29. The plaintiff's claims for injunctive and declaratory relief also remain viable. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief.

Turning to the plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, the defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint as amended, the plaintiff alleges that on September 22, 2017 he was placed in restraints by Sgt. Wesley Spillman and taken to the upstairs lobby to make a phone call regarding a death in his family. The plaintiff was unable to make his call due to restrictions on the phone line, and he requested to speak with the shift major. The plaintiff was then taken back to the downstairs lobby and instructed to stand to the right side of the lobby while the field line was brought in from work.

While standing in the downstairs lobby, the plaintiff was approached by defendant Simpson and the plaintiff explained his need to access an outside line and requested to speak with a shift major. Defendant Simpson denied the plaintiff's request and the plaintiff then declared himself a mental health emergency and asked to speak to his social workers. Defendant

Simpson refused the plaintiff's request and ordered the plaintiff to return to his cell. The plaintiff refused and again requested to speak to his social worker.

Defendant Simpson then reached into his pocket, retrieved a can of mace, and sprayed the plaintiff. The plaintiff was then thrown to the floor, was stomped and kicked, and again sprayed with mace by defendant Simpson. Sgt. Spillman was present during these events but did not intervene. Defendant Vannoy had prior notice of complaints against defendant Simpson for use of excessive force, but failed to take any disciplinary action against defendant Simpson or otherwise attempt to control his behavior.

The plaintiff was examined and treated by EMS. The use of excessive force by defendant Spillman resulted in the plaintiff suffering bruised/fractured ribs, damage to an already broken right hand, problems with vision in his left eye to the mace, and pain in his right hip in which the plaintiff has screws. The plaintiff made numerous sick calls and filed a grievance because he is in great pain and cannot function properly. After several weeks, the plaintiff still had not received a response from the medical department.

Defendant Falgout is responsible for medical care and for arranging specialized medical care outside the prison. Due to the filing of his grievance, defendant Falgout should have been aware of the plaintiff's lack of medical care.

On the same date, the plaintiff was charged with false disciplinary charges and placed in administrative segregation. At his disciplinary hearing, the plaintiff requested to call witnesses, but John Doe failed to call any witnesses. The plaintiff was found guilty and was sentenced to extended lockdown. The plaintiff thereafter filed an administrative appeal which was denied by defendant Vannoy.

In response to the plaintiff's allegations, defendants Vannoy and Falgout have asserted that they are entitled to qualified immunity in connection with the plaintiff's claims. The

qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be granted. Specifically, the Court concludes that the plaintiff has failed to state a claim, against defendants Falgout and Vannoy, upon which relief may be granted.

First with regards to the plaintiff's allegation as to defendant Vannoy's failure to protect the plaintiff from harm, the plaintiff must show that defendant Vannoy was deliberately indifferent to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). In applying this standard, the determinative question is whether the defendant prison official subjectively knew that the inmate plaintiff faced a substantial risk of serious harm yet disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, *supra*, 511 at 837. Specifically, the prison official must be shown to have been personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and they also must be shown to have drawn the inference. *Id*.

In the instant matter, the plaintiff alleges that defendant Vannoy was aware of complaints against defendant Simpson for the use of excessive force and failed to discipline defendant

Simpson or otherwise attempt to control his behavior. However, mere negligence or the failure to act reasonably does not fulfill the deliberate indifference requirement. *See Mace v. City of Palestine,* 333 F.3d 621, 626 (5th Cir. 2003). The plaintiff has not alleged that defendant Vannoy had a subjective intent to cause harm to the plaintiff.

Turning to the plaintiff's allegations regarding his disciplinary proceedings, first the issuance of a false disciplinary report, without more, fails to state a claim of federal constitutional dimension cognizable under 42 U.S.C. § 1983. Specifically, the law is clear that the mere issuance of one or more false disciplinary reports and the imposition of resulting punishment does not alone amount to a constitutional violation. *See Grant v. Thomas*, 37 F.3d 632 (5th Cir. 1994), *citing Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) ("[T]here is no due process violation if a prisoner, who is falsely accused of charges, is given an adequate state procedural remedy to challenge the accusations").

Additionally, an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved. *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

This conclusion is equally applicable in the context of prison disciplinary proceedings. *See, e.g., Sanchez v. Grounds,* 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an

inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); and *Jackson v. Mizell,* 2009 WL 1792774, *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation").

Further, the failure of prison officials to follow prison rules or regulations does not amount to a violation of the plaintiff's constitutional rights. *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989). Nor does this Court sit as some form of an appellate court to review errors made by state tribunals that do not affect an inmate's constitutional rights. *See, e.g., Coleman v. Director, TDCJ-CID,* 2009 WL 56947, *2 (E.D. Tex. Jan. 7, 2009) (noting, in the context of an inmate's habeas corpus proceeding arising out of a prison disciplinary proceeding, that "[i]n the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.").

Moreover, in *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court noted that in some rare situations, an inmate may be entitled to procedural Due Process when state action exceeds the sentence in such an unexpected way as to give rise to protection by the Due Process Clause of its own force. Normally, however, the Due Process Clause, itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). It is only those restrictions that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" that will invoke the prospect of state-created liberty interests. *Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005).

Thus, while *Sandin* made it clear that punishments that impact upon the duration of confinement, or which exceed the sentence in an unexpected manner, or that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" will give rise to

the protection afforded by the Due Process Clause, more routine disciplinary action will not invoke this constitutional protection. *Sandin,* 515 U.S. at 484.

After being found guilty, the plaintiff was sentenced to a custody status change. This punishment does not amount to disciplinary action that infringes upon a constitutionally protected liberty interest which would invoke the protection of the Due Process Clause of the Fourteenth Amendment. *See Dickerson v. Cain,* 241 F. App'x. 193 (5th Cir. 2007) (holding that the plaintiff failed to show that placement in Camp J at LSP presents "an atypical or significant hardship beyond the ordinary incidents of prison life"). The plaintiff's claim here likewise fails to make such a showing.

With regards to the plaintiff's claim of deliberate indifference to his serious medical needs, in order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must allege that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, *supra*. Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).

Applying the foregoing standards, and upon a review of the plaintiff's Complaint as amended, the plaintiff has failed to sufficiently allege that defendant Falgout has undertaken any action which may be characterized as a violation of the plaintiff's constitutional rights. The plaintiff's allegations of mere supervisory responsibility and/or negligent supervision on the part

of defendant Falgout are not sufficient to support a finding of liability under § 1983. Nor has the plaintiff alleged that defendant Falgout was aware of a substantial risk of harm to the plaintiff and refused to treat him, ignored his complaint, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. The plaintiff merely speculates that defendant Falgout was made aware of the grievance he filed regarding his medical care. Accordingly, the plaintiff's Complaint fails to state a claim for deliberate indifference to his serious medical needs.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended dismissal of the majority of plaintiff's claims and defendants over which the district court has original jurisdiction, the Court further recommends that the exercise of supplemental jurisdiction on any state law claims be declined.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that defendants Wesley Spillman and John Doe be dismissed, without prejudice, for failure to timely effect service upon them. It is further recommended that the defendants' Motion to Dismiss (R. Doc. 13) be granted, dismissing the plaintiff's claims against defendants Vannoy and Falgout, and the plaintiff's claims for monetary damages asserted against defendant Simpson in his official capacity, with prejudice. It is further recommended that the Court decline the exercise of supplemental jurisdiction over the

plaintiff's potential state law claims, and this matter be referred back to the Magistrate Judge for additional proceedings herein.

Signed in Baton Rouge, Louisiana, on July 15, 2019.

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**